# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER NEWMAN, | : | Case No. 3:17-cv-179 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF DAYTON, et al., | : | |
| | : | |
| Defendants. | : | |

## ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DOC. 21) PLAINTIFF'S MEMORANDUM IN OPPOSITION (DOC. 20) TO DEFENDANTS' MOTION TO DISMISS

This case is before the Court on the Motion to Strike (Doc. 21) filed by Defendants University of Dayton, Bridget Jackson, Carolyn Phelps, Kimberly Bakota, Christine Schramm, Terence Lau, Jay Janney, E. James Dunne, Eric Spina, Andrew Strauss, Amy Zavadil, and Mary Ann Recker (collectively, "Defendants"). On August 23, 2017, Plaintiff Peter Newman ("Plaintiff") filed a Memorandum in Opposition (Doc. 20) to Defendants' Motion to Dismiss the Complaint—one day after it was due under the Court's already extended deadline. Defendants move to strike the Memorandum in Opposition because it is untimely and due to Plaintiff's failure to comply with the Court's Local Rules in formatting his brief and preparing the two affidavits attached thereto—neither of which are signed by the affiant or notarized.

Plaintiff has not responded to the Motion to Strike, but no response is necessary because the defects in his Memorandum in Opposition are obvious and irrefutable.

Plaintiff is proceeding pro se in this lawsuit, but he is a licensed attorney in the State of Ohio and was admitted to practice before this Court in 1980. He should know the Court's Local Rules and follow them, but he has not. That the Memorandum in Opposition was a day late is not the biggest issue. Most problematic are the violations of S.D. Civ. Rules 5.1 and 7.2 and General Order No. Day 12-01.

S.D. Civ. Rule 5.1(a) requires all memoranda to be double-spaced, except for block-quoted material. Plaintiff's memorandum is single-spaced. General Order No. Day 12-01 provides that memoranda in opposition to any motion "shall not exceed twenty pages without first obtaining leave of Court (which in Judge Rose's cases must be requested at least three working days in advance of the deadline for filing the document)." (Gen. Order. No. Day 12-01 at 11.) Plaintiff's memorandum is 12 pages, single-spaced, indicating that it is most likely in violation of this rule as well. Local Rule 7.2(e) provides that memoranda evidence "shall be presented, in support of or in opposition to any motion, using affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits." Plaintiff submitted two unsigned documents which purport to be affidavits with his Memorandum in Opposition. These documents are not evidence that may be submitted under Local Rule 7.2(e).

For all these reasons, the Court **GRANTS** Defendants' Motion to Strike (Doc. 21). The Court might be more lenient with a pro se litigant without any legal background or training, but it cannot accept such flagrant violations of the rules from an attorney who has been admitted to the bar of this Court for almost 37 years. In the interest of

2

resolving this case on its merits, however, the Court **ORDERS** Plaintiff to file a response to Defendants' Motion to Dismiss, which complies with all applicable rules, within 7 days of this Order. Failure to do so may result in the Court striking any non-compliant memorandum without providing a further opportunity to remedy its defects.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 30, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE