# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER NEWMAN, | : | Case No. 3:17-cv-179 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| UNIVERSITY OF DAYTON, et al., | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DOC. 21) AND ORDERING PARTIES THAT ALL FURTHER COMMUNICATIONS WITH THE COURT SHOULD BE MADE THROUGH FILINGS IN THE COURT'S DOCKET OR ORALLY DURING SCHEDULED CONFERENCES OR HEARINGS BEFORE THE COURT**

---

Plaintiff Peter Newman is a former adjunct professor at the University of Dayton ("UD"), where he taught various courses in its law school and MBA program. (Doc. 1 at ¶1.) He claims that UD, through its employees, retaliated against him for filing an internal discrimination and harassment complaint against a female African American law student. (*Id.* at ¶¶ 3-8.) Newman further alleges that UD discriminated against him on the basis of his age by declining to renew his teaching contract for the Spring 2017 semester. (*Id.* at ¶ 9.) Based on these and additional, but related, allegations, Newman asserts ten claims in his Complaint. Newman is an attorney licensed to practice in the State of Ohio and admitted to the Bar of this Court. He represents himself *pro se* in this action.

UD and all eleven individual Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 18.) Newman requested a 21-day extension of time to respond to the Motion to Dismiss (essentially doubling the amount of time permitted to respond under S.D. Civ. Rule 7.2(a)(2)) because the Clerk did not have Newman's correct email address and he therefore did not receive timely notice of the motion's filing. (Doc. 19 at 2.) The Court granted the requested extension, which set his deadline to respond as August 22, 2017. August 22nd came and went, however, without any memorandum from Newman.

On August 23, 2017, Newman filed his Memorandum in Opposition to the Motion to Dismiss. In addition to being a day late, the Memorandum in Opposition was single-spaced, over the 20-page limit for responsive memoranda (if properly formatted), and attached two unsigned affidavits. Defendants promptly moved to strike Newman's Memorandum in Opposition for failure to comply with the Court's local rules. (Doc. 21.) The Court granted the Motion to Strike without waiting for a response from Newman "because the defects in his Memorandum in Opposition [were] obvious and irrefutable." (*Id.* at 1.) The Court found that, besides filing the memorandum a day late (which the Court could have merely excused), Newman violated S.D. Civ. Rules 5.1(a) and 7.2 and General Order No. Day 12-01. (*Id.* at 2.) The Court granted Newman leave to file a corrected Memorandum in Opposition within seven days of its Order. (*Id.* at 3.)

Newman sought leave to file a revised memorandum in excess of twenty pages, which the Court granted, and then timely filed a revised Memorandum in Opposition to the Motion to Dismiss. (Doc. 26.) The Clerk's Office initially struck Newman's

revised Memorandum in Opposition, however, because it was not aware that the Court had already granted him leave to file it. The Court's Courtroom Deputy caught this error and called Newman to let him know that he need not take any action because his revised Memorandum in Opposition would be accepted as filed. When the Courtroom Deputy made that phone call, Newman indicated that he wanted to notify the Court of a legal issue. The Courtroom Deputy informed him that he should call the law clerk assigned to the case with any procedural questions.

Newman called the law clerk and informed him that, although Newman believed that the Court ultimately reached the right outcome, he believed that the Court improperly struck his original Memorandum in Opposition. Newman suggested that the Court might want to review an opinion recently issued by District Judge Michael R. Barrett, who also sits in the Southern District of Ohio, Western Division. At the law clerk's direction, Newman sent an email[1] to Court's Chambers, copying opposing counsel, which attached a copy of Judge Barrett's decision in *Nokes v. Miami University*, No. 1:17-CV-482, 2017 WL 3674910, at *8 (S.D. Ohio Aug. 25, 2017). A copy of Newman's email is attached hereto as an exhibit.

The situation before the Court is odd, to say the least. The Court struck Newman's untimely memorandum for flagrant violations of the local rules, but granted

---

[1] Although the hyphenated "e-mail" was "the prevalent form in modern print sources" as of the 2003 edition of Bryan Garner's *Modern American Usage* (the only copy in Chambers), the Court prefers the closed "email" instead. Garner himself predicted that "[u]ltimately, the hyphen may well disappear—since that is what midword hyphens tend to do—"and, indeed, that appears to be the trend. In the latest edition of the *Chicago Manual of Style*, for example, the editors prescribe that, while "e-book" and "e-commerce" retain their hyphens, the word "email" does not—a departure from previous editions. *Chicago Manual of Style* § 7.89 (University of Chicago Press, 17th ed. 2017).

3

him leave to correct those violations within a generous time frame. Many litigants, chastened but wiser for the experience, might leave well enough alone. But not Newman. He explains in his email the perceived error in the Court's judgment and advises the Court:

> I suggest that the Court consider issuing a corrected Entry and Order, denying Defendants' Motion to Strike and giving Plaintiff leave to file a revised Memorandum in Opposition. Otherwise, Judge Rose's original Entry and Order will appear as an aberration.

(9/12/17 email from P. Newman.) Although seemingly well-intentioned, the issue with Newman's advice is that he is dead wrong on the law.

That is not to say that Judge Barrett's analysis in *Nokes* was off the mark—it was not. It that case, Judge Barrett held a hearing on a motion for preliminary injunction, after which the plaintiff filed a notice of supplemental authority. *Nokes*, No. 1:17-CV-482, Docs. 23, 25. In response, the defendants filed a five-page memorandum that argued why the supplemental authority did not support plaintiff's claims. *Id.*, Doc. 26. Plaintiff moved to strike the defendants' response as an additional memorandum not permitted under S.D. Civ. Rule 7.2(a)(2) (stating memoranda supporting and in opposition to motions shall be limited to an initial supporting memorandum, a memorandum in opposition, and a reply). *Id.*, Doc. 27 at 1.

Judge Barrett agreed that the memorandum violated Rule 7.2(a)(2), but was not convinced that striking the document was the appropriate remedy. *Nokes*, 2017 WL 3674910, at *8. He noted that the local rules are "silent on whether courts should 'strike' non-enumerated memoranda filed without leave" and that the Federal Rules of Civil

Procedure "provide no mechanism for 'striking' documents other than pleadings." *Id.*, citing Fed. R. Civ. P. 12(f). He observed that the only "pleadings" that may be struck under Rule 12(f) are enumerated in Fed. R. Civ. P. 7(a) as, "e.g., the complaint, answer, crossclaim, etc." *Id.* Memoranda are not listed. Judge Barrett therefore concluded that "orders 'striking' non-pleadings such as memoranda are not a proper usage of Rule 12(f)." *Id.* (citing cases).

In *Nokes*, Judge Barrett correctly stated the limitations of a court's authority to strike filings under Rule 12(f). Judge Barrett did not suggest, however, that a district court lacks the inherent power to strike non-pleadings that violate the local rules. To the contrary, as recognized by the Sixth Circuit, "a district court has broad discretion to manage its docket"—including by striking a memorandum in violation of its local rules. *American Civil Liberties Union of Kentucky v. McCreary County*, 607 F.3d 439, 451 (2010) (holding that "based on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment"), citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *see also Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017)(affirming district court's order striking memorandum exceeding the 20-page limit set forth in local rule); *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005)("[A] district court has inherent power to 'protect[ ] the due and orderly administration of justice and ... maintain [ ] the authority and dignity of the court....'"), quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003)("[T]rial courts have inherent power to control their dockets."). In addition, the Court's local rules

5

expressly provide that "[f]ailure to comply with these Rules may result in the imposition of sanctions." S.D. Ohio Civ. R. 1.1(c).

The Sixth Circuit is not alone in recognizing the inherent authority of district courts to manage their dockets. The Seventh Circuit, for example, has repeatedly held that district courts "have broad discretion to manage their dockets" and further held:

> Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants. *See* [*Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)] (recognizing authority to enforce deadlines and deny extensions); *see also United States v. Microsoft*, 253 F.3d 34, 100 (D.C. Cir. 2001) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket ... except upon the clearest showing that the procedure resulted in actual and substantial prejudice to the complaining litigant.") (quoting *Eli Lilly & Co., Inc. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir.1972)).

*A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009).

Relying on the Sixth Circuit's recognition of this inherent authority, many district courts in the Southern District of Ohio have granted motions to strike non-pleadings for violations of the local rules. *See, e.g., Fraley v. Ohio Dep't of Corr.*, No. 2:15-CV-2902, 2016 WL 5871507, at *4 (S.D. Ohio Oct. 7, 2016) (Jolson, Mag. J.) (striking sur-reply in opposition to motion for summary judgment filed without leave of court in violation of S.D. Local Rule 7.2), report and recommendation adopted, No. 2:15-CV-2902, 2016 WL 6493425 (S.D. Ohio Nov. 2, 2016) (Smith, J.); *Johnson v. Mohr*, No. 2:15-CV-86, 2016 WL 5816262, at *3 (S.D. Ohio Oct. 5, 2016) (Deavers, Mag. J.) (striking sur-reply in opposition to motion for summary judgment filed without leave of court in violation of

6

S.D. Local Rule 7.2), report and recommendation adopted, No. 2:15-CV-86, 2016 WL 6775293 (S.D. Ohio Nov. 16, 2016) (Graham, J.); *United States v. Seventy-Two Thousand Nine Hundred Seventy-One & 00/100 Dollars ($72,971.00) Seized from JPMorgan Chase Bank Account No. XXXX1879*, No. 2:12-CV-882, 2015 WL 3867182, at *4 (S.D. Ohio June 23, 2015) (Frost, J.) (striking supplemental motion for attorney fees and costs without leave of court in violation of S.D. Local Rule 7.2); *Davis v. CSX Transportation, Inc.*, No. 2:12-CV-470, 2015 WL 11123313, at *2 (S.D. Ohio Mar. 2, 2015) (Watson, J.) (striking reply memorandum in support of motion for summary judgment that improperly raised new arguments); *DSW, Inc. v. Zina Eva, Inc.*, No. 2:11-CV-0036, 2011 WL 6179274, at *6 (S.D. Ohio Dec. 13, 2011) (Kemp, Mag. J.) (striking portions of memorandum that contained confidential communications during ADR proceedings in violation of Local Rule 16.3(c)); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 823 (S.D. Ohio 2010) (Frost, J.) (striking portions of reply memorandum for violation of S.D. Ohio Civ. R. 7.2); *Ross v. Am. Red Cross*, No. 2:09-CV-00905-GLF, 2012 WL 2004810, at *2 (S.D. Ohio June 5, 2012) (Frost, J.) (striking reply in support of motion in limine filed without leave in violation of Court's written trial procedures).

Even Judge Barrett, on whose recent decision Newman relies, has upheld the striking of a memorandum filed in violation of the local rules. *See Marcum v. Jones*, No. 1:15-CV-239, 2016 WL 1103893, at *2 (S.D. Ohio Mar. 22, 2016) (Barrett, J.). In *Marcum*, Judge Barrett reviewed a magistrate judge's report and recommendations on a motion to dismiss. Among other issues raised by the parties, the plaintiff objected to the magistrate judge's order striking his sur-reply memorandum in opposition to the

motion to dismiss. *Id.* The plaintiff had not sought leave to file the sur-reply, which is not permitted under S.D. Ohio Civ. R. 7.2(a)(2). Reviewing the magistrate judge's decision, Judge Barrett found that striking the sur-reply was not error because plaintiff failed to identify any new issue raised for the first time in defendants' reply. *Id.*, citing *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580 (S.D. Ohio 2010). Judge Barrett therefore overruled the plaintiff's objection. *Id.* at *5.

Returning to *Nokes*—the decision by Judge Barrett that Newman brought to the Court's attention, it bears emphasis that, not only is *Nokes* consistent with the Court's inherent authority to manage its own docket by striking non-pleadings in violation of its local rules, but so are the cases that Judge Barrett relied upon in *Nokes* as well. *See Nokes*, 2017 WL 3674910, at *8, citing *Johnson v. Wolgemuth*, 257 F. Supp. 2d 1013, 1024 (S.D. Ohio Mar. 10, 2003); *Maxum Indem. Co. v. Drive W. Ins. Servs. Inc./Mulberry Ins. Servs.*, No. 1:13-CV-191, 2014 WL 12653865, at *2 (S.D. Ohio June 13, 2014); *Dawson v. City of Kent*, 682 F.Supp. 920, 922 (N.D. Ohio 1988); *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F. Supp. 2d 852, 864 (M.D. Tenn. Dec. 13, 2005).

In *Wolgemuth*, the court denied the plaintiff's motion to strike an affidavit submitted in support of defendants' motion for summary judgment. 257 F. Supp. 2d at 1024. The court agreed with plaintiff that the affidavit should not be considered, but disagreed that the remedy was to strike it from the record. *Id.* The court noted that plaintiff "did not identify the procedural underpinning" for his motion to strike. *Id.* It then added that, to the extent that the plaintiff intended to rely on Fed. R. Civ. P. 12(f), the motion was not well taken because Rule 12(f) applies only to pleadings. *Id.* The

8

court did not address its inherent authority to strike non-pleadings, and specifically memoranda, for violations of the local rules.

In *Maxum*, the court denied a motion to strike plaintiff's proposed rebuttal expert witness. 2014 WL 12653865, at *1. After considering the merits of defendant's objections, the court turned to the more general question of whether it would be proper to strike the expert witness's testimony and report, rather than simply exclude them from evidence. The court opined that the "proper use" of motions to strike is "quite narrow" and that, specifically in the context of expert reports, the Sixth Circuit has held that a motion in limine—not a motion to strike—is the proper vehicle to resolve objections. *Id.* at *2 (citations omitted). While the court also noted that Rule 12(f) applies only to pleadings, it too did not address the court's inherent authority to strike non-pleadings in the management of its docket.

In *Dawson*, the court considered a motion for summary judgment on the issue of whether the plaintiff's due process rights were violated. 682 F. Supp. at 921. Defendants moved to strike the plaintiff's counsel's affidavit, which he had submitted in opposition to the motion. *Id.* at 922. After noting that Rule 12(f) applies only to pleadings, the court declined to strike the affidavit and considered the defendants' motion as an evidentiary issue. *Id.* The court concluded that it would exclude the affidavit from evidence because it contained inadmissible hearsay and was otherwise irrelevant. *Id.* It too did not address the court's inherent authority to strike non-pleadings in the management of its docket.

In *Manitowoc Boom Trucks*, the court considered a defendants' motion for summary judgment in a product liability case. 406 F. Supp. 2d at 854. In connection with that motion, the defendant moved to strike certain materials reviewed by the plaintiff's proposed expert. *Id.* at 864. The court determined that it would not strike the materials because it was unnecessary since, regardless, the proposed expert's opinion did not meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence. *Id.* In a footnote, the court added that, were it to rule on the motion to strike, it would be best considered as a motion in limine because the defendant objected to the admissibility of evidence. *Id.* at 864 n. 10. It added that motions to strike under Rule 12(f) apply only to pleadings, and the materials at issue were not pleadings. *Id.* The court did not discuss its inherent authority to enforce its local rules or manage its docket.

Besides the fact that none of these cases cited in *Nokes* address the issue that was before this Court on Defendants' Motion to Strike, another takeaway from these cases is that, in the context of ruling on the admissibility of evidence, district courts prefer to exclude inadmissible evidence, rather than strike it from the record. This preference makes sense because it permits meaningful appellate review of a district court's evidentiary rulings, whether on summary judgment or at trial.

Here, when the Court struck Newman's Memorandum in Opposition, it also struck two defective affidavits that were attached to it as exhibits. Although the affidavits were presented as evidence, they were neither signed nor notarized and therefore inadmissible. The Court, in its discretion, struck those affidavits so that

Newman could replace them with admissible evidence—which he did—and the Court could consider his arguments and Defendants' arguments on their merits. (Docs. 26-1 and 26-2.) The Court's exercise of its authority to manage its docket is subject to review for abuse of discretion. *Anthony*, 339 F.3d at 517. It would be difficult to argue on appeal that the Court abused that discretion by striking a non-compliant memorandum and its inadmissible exhibits and then granting the offending party an opportunity to re-file corrected versions of them within seven days. Of course, if Newman merely wanted to preserve a record of the unsigned affidavits—despite their flaws—for appeal, he could have re-filed them as originally submitted and took his chances. He chose not to do so—in this Court's view, the wiser choice.

In sum, the Court was well within its discretion, under its inherent authority to manage its docket, to strike Newman's untimely, improperly formatted, and excessively long Memorandum in Opposition, which attached unsigned affidavits of no use for evidentiary purposes, for violation of the local rules. There was nothing aberrant, abnormal, or perverse about the Court's ruling, and therefore it shall not be disturbed. Newman's email to the Court, which the Court construes as a Motion for Reconsideration of its Order striking his Memorandum in Opposition, is **DENIED**.

Going forward, in order to avoid any confusion that might be created by the submission of substantive legal argument to Chambers via email, the parties are **ORDERED** that all further communications with the Court should be made via filings in the Court's docket or orally during scheduled conferences or hearings before the Court. In some cases, the Court permits counsel to call Chambers regarding procedural

issues, but, in this case, that permission is **DENIED**. If counsel would like to consult the Court regarding any matter, they should file a motion requesting a conference.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 14, 2017.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE