# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER NEWMAN, | : | Case No. 3:17-cv-179 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF DAYTON, et al., | : | |
| | : | |
| Defendants. | : | |

---

## ENTRY AND ORDER FINDING PLAINTIFF PETER NEWMAN IN VIOLATION OF THE COURT'S SEPTEMBER 14, 2017 ORDER (DOC. 28) INSTRUCTING THE PARTIES THAT ALL FURTHER COMMUNICATIONS WITH THE COURT SHOULD BE MADE THROUGH FILINGS IN THE COURT'S DOCKET OR ORALLY DURING SCHEDULED CONFERENCES OR HEARINGS BEFORE THE COURT

---

This case is before the Court because, on September 28, 2017, Plaintiff Peter Newman sent an email[1] to Chambers in violation of the Court's September 14, 2017 Order (Doc. 28) that instructed the parties that all further communications with the Court should be made through filings in the Court's docket or orally during scheduled conferences or hearings. Email communications with the Court regarding substantive issues are improper for many reasons, including that they raise concerns about the transparency of the Court's processes and whether a party is engaging in *ex parte* communications with the Court.

The vast majority of attorneys who practice before this Court know that such

---

[1] Plaintiff's September 28, 2017 email is attached to this Entry and Order as an exhibit.

communications are improper and do not attempt them. Here, however, Plaintiff has demonstrated that he does not share that knowledge. Ordinarily, the Court would not have to enter an order instructing the parties not to email Chambers. It is even more unusual that, after doing so, the Court's Order would be ignored by the party whose actions made its entry a necessity.

Although Plaintiff clearly violated the September 14, 2017 Order, the Court will not order him to show cause why he should not be held in contempt at this time. Plaintiff is a licensed attorney and admitted to the Bar of this Court, but he is proceeding *pro se* in this case and does not appear to be familiar with the basics of a litigation practice, much less litigating before a federal court. This Entry and Order is formal notice, however, that further violations of the Court's September 14, 2017 Order may result in a finding of contempt and the imposition of sanctions, including terminating sanctions if warranted.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 4, 2017.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE